FILED

April 15 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0537

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 98N

IN THE PARENTING OF O.M.C.,

A Minor Child.

WHITNEY GRANT,

Petitioner and Appellant,

v.

CHRIS CARNAHAN,

Respondent and Appellee.

APPEAL FROM:     District Court of the Seventeenth Judicial District,

In and For the County of Phillips, Cause No. DR 12-01

Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Lindsay Lorang; Lorang Law, PC; Havre, Montana

For Appellee:

Peter L. Helland; Helland Law Firm; Glasgow, Montana

_____

Submitted on Briefs:  April 3, 2013

Decided:   April 15, 2013

Filed:

_____

Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by noncitable opinion and does not serve as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    The Seventeenth Judicial District Court entered a decree in August of 2012 establishing a parenting plan with respect to O.M.C., the minor child of Whitney Grant and Chris Carnahan.  Whitney appeals, arguing that the final parenting plan was not supported by substantial evidence and is not in the best interests of O.M.C.  We affirm.

¶3    The parties lived together in Malta, Montana, for about four years and, in May of 2007, Whitney gave birth to their son, O.M.C.  The parties separated in February of 2011, after which they initially shared residential parenting equally.  In June of 2011, they agreed that Chris's residential parenting through September would be approximately every other weekend, so that he could participate in the summer drag racing circuit.  After that time, they did not go back to the previous schedule.

¶4    In January 2012, Whitney petitioned the District Court to establish a parenting plan.  She asked to be designated as O.M.C.'s primary residential parent and notified the court of her intent to move to Idaho with O.M.C. to live with her boyfriend.  Chris responded with a proposed parenting plan under which he would be O.M.C.'s primary residential parent "whether Whitney moves to Idaho or remains in Malta."

2

¶5     After a hearing, the District Court determined that each parent has a good relationship with O.M.C. The court found that moving to Idaho for the school term would not be in O.M.C.'s best interests. It adopted the plan proposed by Chris, with modifications. Under the modified plan, O.M.C. will live with Chris during the school year and during the first week following the end of the school year and the last week of summer vacation from school. O.M.C. will live with Whitney during the summer. Whitney also shall have O.M.C. every other week during the school year from Wednesday at 6 p.m. until Sunday at 6 p.m., which shall occur in the Malta area if she moves to Idaho. Holidays will be alternated. The court stated that plan was in O.M.C.'s best interests and that it "provides the opportunity for equal residential parenting should [Whitney] decide to stay in the Malta area."

¶6     After the District Court issued its order adopting the final parenting plan, Whitney advised the court that she no longer intended to move to Idaho. On appeal, she contends the District Court erred by ordering a parenting plan which substantially changed the residential schedule of the interim parenting plan, by failing to make specific findings for forming a change in the custodial schedule, and by failing to make findings as to why it was not in O.M.C.'s best interest to remain in her primary care if she remained in Malta.

¶7     The issues raised in this appeal are governed by review standards that call for great deference to a trial court's determinations. A district court has "broad discretion when considering the parenting of a child. 'Child custody cases often present the court with difficult decisions. We must presume that the court carefully considered the evidence and made the correct decision.'" *In re Marriage of Tummarello*, 2012 MT 18, ¶ 34, 363 Mont. 387, 270 P.3d 28 (quoting *In re Parenting of N.S.*, 2011 MT 98, ¶ 18, 360 Mont. 288, 253 P.3d 863).

¶8     The standard of review for a parenting plan is whether the district court abused its discretion in

reaching the conclusions it did. *Tummarello*, ¶ 21. Furthermore, judgments regarding the credibility of witnesses and the weight to be given their testimony are within the province of the District Court, and we will not substitute our judgment for its determinations. *Tummarello*, ¶ 34.

¶9     As is often the case in decisions regarding parenting plans, the parties presented conflicting evidence at the hearing before the District Court. Given the deference that we appropriately give to district courts in cases such as this, we find no basis on which to reverse the decision here. It is not the appellate court's prerogative to determine in the first instance what is an appropriate parenting plan for the parties' child. Having observed and listened to the parties and heard the evidence, Judge McKeon was in the best position to judge O.M.C.'s best interests. His findings are supported by substantial evidence in the record. Though Whitney expresses concern that a period of ten days between visits between a mother and her young child is too long, the parenting plan allows the parties to agree to additional visitation, and they should do so when it is in the child's best interests. Especially in light of the court's encouragement of the parties to agree to equal residential parenting if Whitney stays in Malta, the parenting plan is consistent with the statutory preference for "frequent and continuing contact with both parents." Section 40-4-212(1)(l), MCA.

¶10     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable opinions. This appeal presents no constitutional issues or issues of first impression. It does not establish new precedent or modify existing precedent. In our opinion, it would not be of future guidance for citation purposes to the citizens of Montana, the bench, or the bar. The District Court did not abuse its discretion in adopting the parenting plan. The District Court's order for final parenting plan filed August 9, 2012, is affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH

/S/ PATRICIA COTTER

/S/ MICHAEL E WHEAT

/S/ LAURIE McKINNON